IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-CR-30001-DWD-02 |
| ) | |
| KENWYN FRAZIER, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

On April 20, 2021, the Court disqualified Attorneys Beau Brindley and Michael Thompson from jointly representing Defendants Kendrick Frazier and Kenwyn Frazier. (Doc. 129) The Court was then concerned that neither Defendant was able to provide an informed consent to dual representation. Now by motion dated September 2, 2021, Attorney Beau Brindley seeks to enter as substitute counsel for only Kenwyn Frazier. As a basis for the motion, Attorney Brindley provides only assertions from himself that no privileged communications were had with Kendrick Frazier during the prior representation of him and that the attorneys have received no information from Kendrick Frazier that would interfere with their ability to effectively represent Kenwyn Frazier. The Court held a hearing on the motion to substitute on September 23, 2021.

The Court has recognized the importance of Kenwyn Frazier's right to his choice in counsel, but it also must be concerned about Kendrick Frazier's rights should Attorneys Brindley and Thompson represent Kenwyn only. The potential for conflict

does not go away when attorneys who jointly represented two defendants later seek to abandon one and represent the other. The potential for such conflict to develop into a serious actual conflict becomes more profound when the alleged relative culpability of the defendants is unequal as it is in this case.  The United States acknowledged it intends to identify Kenwyn Frazier as the person who initiated the kidnapping and Kendrick Frazier as the person who shot Kein Eastman. It is difficult to imagine the full extent of the conflicts that would most certainly arise during trial if Attorneys Brindley and Thompson were, as just one example, to engage in cross examination of Kendrick. Also difficult to assess is whether, under those circumstances, any *informed* waiver is truly achievable. But here, neither Mr. Brindley nor Mr. Thomson have proffered any waiver from Kendrick Frazier, and without it their representation of Kenwyn would certainly be a violation the Illinois Rule of Professional Conduct.

Considering *United States v. Turner*, a leading case addressing the propriety of joint representation, the Seventh Circuit explained that "*Turner* recognized that 'a breach of the code of professional ethics obviously qualifies' as an actual conflict." *United States v. Volpendesto*, 746 F.3d 273, 283 (7th Cir. 2014). Counsel in *Volpendesto* failed to secure the informed consent of a former client prior to seeking to represent the additional co-defendant, and, as a result, he was disqualified. The *Volpendesto* court pointed to Illinois Rules of Professional Conduct 1.9(a) and 1.6(a) in affirming the disqualification of defense counsel.

Illinois Rule of Professional Conduct 1.9 governs duties to former clients:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client *unless the former client gives informed consent.*

IL R. OF PROF'L CONDUCT 1.9(a) (emphasis added). To date, neither Mr. Brindley nor his associate, Michael Thompson, have complied with this Court's March 9, 2021 order that they supply informed written consents. More troubling is that it became clear during the most recent hearing that counsel made no attempt to secure Kendrick Frazier's informed consent prior to seeking to represent Kenwyn Frazier in this matter. Kendrick Frazier was not subpoenaed for the hearing, nor did counsel contact the Court for assistance in securing his appearance. No known attempt to contact Kendrick through his appointed counsel was made. And of concern too is the observation that Kenwyn was not called upon by Attorneys Brindley or Thompson to confirm that he wishes to terminate his current representation and proceed with Mr. Brindley's law firm.  Despite some protestation by counsel, it is not for the Court to determine which witnesses should appear and testify in support of a motion. It is counsel's duty to be prepared fully and to present their motion with substantive support. Here, the Court finds that counsel's motion fails to establish the basic requirement of informed consent. In the absence of Kendrick Frazier's informed consent, there is an actual conflict that precludes Attorneys Brindley and Thompson from representing Kenwyn Frazier.

As to the assertion in the motion that there were no confidences conveyed by Kendrick, there is a presumption that a client shares confidences with his attorney, even when the period of representation is brief.  *See U.S. v Friedman*, 971 F.3d 700, 710 (2020)

Counsel provided no evidence to rebut that presumption outside of his perfunctory statement that no confidences were shared. Given the failure to comply with the Illinois Rules of Professional Conduct and the overall weak evidentiary record upon which the Court has been asked to rule, the Court concludes that Attorney Brindley and Attorney Thompson are disqualified from representing Kenwyn Frazier. For all these reasons, the motion to substitute is **DENIED**.

Jury trial is set to begin on February 7, 2022. Defendant Kenwyn Frazier's pretrial motions, if any, must be filed no later than November 19, 2021, and the Court has warned that absent extraordinary circumstances that deadline will not be extended again. It is worthy of note that Defendant continues to be represented by his newly appointed counsel although he has refused to engage in meaningful conversations with them, just as he refused to engage with his prior appointed counsel. While it is unclear to the Court what benefit he believes he can possibly derive from such refusals, it wishes by this Order to make him aware that his continued lack of cooperation with counsel will not delay trial. He is strongly encouraged to work with his appointed counsel and to assist them in defending him against the pending charges.

**SO ORDERED.**

Dated: September 27, 2021

_____
DAVID W. DUGAN
United States District Judge