**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21-CR-30001-DWD |
| | ) | |
| KENWYN FRAZIER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**DUGAN, District Judge:**

This matter is before the Court on Defendant Kenwyn L. Frazier's third *pro se* motion for an extension of time to file a motion under 28 U.S.C. § 2255 (Doc. 482) and Defendant's motion requesting communication with co-defendant Kendrick Frazier. Defendant also seeks various additional forms of relief related to his conditions of confinement.

As with his prior motions, Defendant states that he is housed in the Special Housing Unit (SHU) and, as a result, cannot access his legal materials or the law library. He claims he lacks access to documentation establishing he has a § 2255 deadline pending or a form on which to file such a petition. He further asserts that he has been unable to obtain discovery materials from his trial counsel. Defendant contends that he has no disciplinary charges and that his SHU placement results from overcrowding, rendering the assignment illegal. He seeks an order compelling prison officials to "follow federal law and [his] rights to due process." In addition, Defendant requests an order directing

1

prison officials to allow him to communicate with his co-defendant, who is housed at a separate facility. He also seeks "full discovery" from the Court because his trial attorney has not responded to requests for access to his case file, as well as full access to the law library.

## BACKGROUND

This is Defendant's third request for a pre-filing extension of the one-year limitations period applicable to a motion under 28 U.S.C. § 2255. The Court denied his first such motion (Doc. 478) and his second (Doc. 480). In those orders, the Court explained that the one-year statute of limitations under § 2255(f) began to run on June 20, 2025, and will expire on June 20, 2026, following issuance of the Seventh Circuit's mandate on March 21, 2025, and expiration of the ninety-day period for filing a petition for writ of certiorari. The Court held that it lacks authority to grant a pre-filing extension. *See Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001); *United States v. Thompson*, 850 F. App'x 843, 843 (4th Cir. 2021); *United States v. Norman*, No. 06-30027-DRH, 2008 WL 4073229, at *1 (S.D. Ill. Aug. 28, 2008). The Court noted that while equitable tolling may excuse an untimely filing once an actual § 2255 motion is filed, no pre-filing extension is available. In the second order, the Court directed the Clerk to send Defendant a blank § 2255 form to assist him.

The Court has also previously addressed Defendant's related motion to compel his trial attorney to produce his case file (Doc. 475). Although recognizing an attorney's ethical duty to deliver client files upon termination of representation (Restatement (Third) of the Law Governing Lawyers § 46), the Court determined it lacked authority to

compel production under the circumstances presented and denied the motion (Doc. 477). The Court advised Defendant of alternative avenues for obtaining copies of docket documents and records.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255(f), a one-year period of limitation applies to motions under this section. The Court reiterates that it has no authority to grant a pre-filing extension of the § 2255 deadline. *See Green*, 260 F.3d at 82-83; *Thompson*, 850 F. App'x at 843; *Rader*, 2007 WL 1447918, at *1; *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (pre-filing request presents no case or controversy). Any argument for equitable tolling or other relief from the limitations period may be raised only after Defendant actually files a § 2255 motion in a new civil case.

Although Defendant claims limited access to legal materials and the law library while in the SHU, the record shows he remains fully capable of drafting and filing extensive, detailed *pro se* motions addressing the very issues he claims prevent him from preparing a § 2255 petition. If he can prepare and file such motions, he is likewise capable of preparing and filing, at a minimum, a timely § 2255 petition setting forth his claims for relief in plain terms. The Court previously directed the Clerk to send Defendant a blank § 2255 form and hereby **DIRECTS** the Clerk to send him another copy.

Defendant's remaining requests are denied. He asks the Court to order prison officials to grant him full access to the law library, permit communication with his co-defendant at a separate facility, address his SHU placement (allegedly due to overcrowding rather than disciplinary reasons), compel compliance with federal law and

due process, and provide "full discovery." Federal courts will not interfere with the day-to-day administration and operations of prisons or second-guess the professional judgment of prison officials on matters of security, housing assignments, library-access schedules, or inmate communications. *See Scarveu v. Litscher*, 434 F.3d 972, 976-77 (7th Cir. 2006); *Preston v. Thompson*, 589 F.2d 300, 303 (7th Cir. 1978); *Lawrenz v. Brucker*, No. 22-CV-1473, 2023 WL 8283873, at *2 (E.D. Wis. Nov. 30, 2023); *Akers v. Sproul*, No. 3:22-CV-2192-DWD, 2023 WL 2814864, at *2 (S.D. Ill. Apr. 6, 2023); *Blair v. Schmaling*, No. 16-cv-1563, 2017 WL 680432, *2 (E.D. Wisc. Feb. 21, 2017); *see also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). Further, to the extent defendant is challenging the conditions of his confinement, such challenges are not appropriately raised in a criminal case. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004).

To the extent Defendant renews his request for an order compelling production of his case file from trial counsel or for "full discovery" from the Court, that request is denied for the reasons already stated in the Court's prior order. (Doc. 477).

## CONCLUSION

For the reasons set forth above, Defendant's third motion for extension of time (Doc. 482), motion requesting communication with co-defendant (483), and all related requests for relief are **DENIED**. The Clerk of Court is **DIRECTED** to send Defendant

4

another blank § 2255 form.

**SO ORDERED.**

Dated: May 20, 2026

DAVID W. DUGAN
United States District Judge